USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-2462 JOHN F. DIEKAN, CAPTAIN, U.S. ARMY, Plaintiff, Appellant, v. MICHAEL P.W. STONE, SECRETARY OF THE ARMY, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ___________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ___________________ John F. Diekan on brief pro se. ______________ A. John Pappalardo, United States Attorney, Annette Forde, ___________________ _____________ Assistant United States Attorney, Diana Moore, Major, United ____________ States Aremy, U.S Army Litigation Division, and Lieutenant __________ Colonel W. Gary Jewell, U.S. Army Litigtion Division, on brief _______________________ for appellees. __________________ June 10, 1993 __________________ Per Curiam. Plaintiff, an active duty officer in __________ the Judge Advocate General's Corps ("JAGC"), filed this action challenging Army orders transferring him from Fort Devens, Massachusetts to Camp Casey, Korea. Defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). After a careful and thorough review of the issues in light of the test set forth in Penagaricano v. Llenza, 747 F.2d 55, ____________ ______ 60-61 (1st Cir. 1984), the district court dismissed plaintiff's complaint because it presented a non-justiciable military controversy. See also ________ Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971). ______ ______ On appeal plaintiff argues that the district court erred by applying the wrong standard under Rule 12(b)(6). Plaintiff urges that the court erroneously failed to resolve all reasonable inferences in plaintiff's favor, and did not require a showing that the facts alleged were undoubtedly insufficient to make out claims based on violations of due process, army regulations and breach of contract. Plaintiff misperceives the focus of the court's decision. The court did not undertake to determine whether plaintiff's complaint alleged facts sufficient to make out all the elements of a legally cognizable claim, the more usual inquiry under Rule 12(b)(6). Rather, even assuming a proper statement of the claims under substantive law, the -2- court decided, as a matter of "policy akin to comity," that these were not claims "upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); see Penagaricano, 747 F.2d at 60 ___ ____________ (quoting Mindes, 453 F.2d at 199). Under our cases, that ______ decision necessarily required a candid assessment of the "nature and strength" of the claims "in light of the policy reasons behind nonreview of military matters." Penagaricano, ____________ 747 F.2d at 60 (quoting Mindes, 453 F.2d at 201). ______ We also reject plaintiff's remaining challenges to the balance struck by the district court under each of the policy factors, for essentially the same reasons as stated in the district court's opinion. Affirmed. ________ -3-